UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISIAH HILL, | ) |
|       Petitioner, | ) |
| v. | ) Civil Action No. 20-cv-01420 (EGS) |
| LENNARD JOHNSON, *et al.*, | ) |
|       Respondents. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Isiah Hill's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 ("Pet."), ECF No. 1, with exhibits in support ("Pet. Exs."), ECF No. 1-1. Respondents, Lennard Johnson —Warden of the District of Columbia Department of Corrections and Hill's current custodian— and Patricia K. Cushwa —Chairperson of the United States Parole Commission ("the Commission")— have filed oppositions, ECF No. 9 ("Johnson Opp'n"); ECF No. 12 ("USPC Opp'n"), in response to the petition. Despite the Court's notice of his opportunity to respond, *see* ECF No. 15 (Oct. 2, 2020 Order), Hill has declined to file any response to Respondents' oppositions. For the reasons discussed herein, the petition, and the relief requested therein, will be denied, and this action will be dismissed.

**I.   BACKGROUND**

On April 30, 1982, following a jury trial in the Superior Court of the District of Columbia, Hill was convicted of armed kidnapping, armed robbery, grand larceny, assault with intent to kill, assault on a police officer, and carrying a pistol without a license. *See generally United States v. Hill* Nos. 1981 FEL 004208, 005489, 005490. He was then sentenced to a total of 70 years imprisonment. *See* USPC Opp'n Ex. 2 (Pre-Hearing Assessment) at 1; *see* USPC Opp'n Ex. 3 (Bureau of Prisons' Sentence Monitoring Computation Data) at 1.

1

Hill was released on parole on September 25, 2004, with an original full-term date of October 10, 2051. *See* USPC Opp'n Ex. 2 at 2. However, Hill's parole was later revoked on three separate occasions: (1) in May 2006 for a new law violation for assault, (2) in August 2006 for administrative violations, and (3) in September 2008 for a new law violation for felony threats and destruction of property. *Id.* Hill was re-paroled on November 24, 2009, but immediately commenced serving a consecutive 90-month sentence arising from his conviction in Superior Court for attempted burglary, felony contempt, and obstruction of justice. *Id.*; *see* USPC Opp'n Ex. 3 at 3. Hill completed his 90-month sentence and was then re-released on parole on August 8, 2016, with a new full-term date in April 2053. *See* USPC Opp'n Ex. 3 at 1.

On January 12, 2017, the Commission issued a new arrest warrant for Hill, arising from new law violations for alleged destruction of property and threats to do bodily harm, and new alleged administrative violations for failures to report. *See* USPC Opp'n Ex. 2 at 2; Pet. Exs. at 2–3, 6–8. The warrant was not executed until nearly two years later, on January 4, 2019. *See* USPC Opp'n Ex. 2 at 2; USPC Opp'n Ex. 4 (Probable Cause Digest) at 1; Pet. Exs. at 5.

A probable cause hearing was held on January 11, 2019, and while the Hearing Examiner found probable cause for all of the alleged violations, due to the age and/or status of the of the law violations, the Examiner elected to consider only the administrative violations. *See* USPC Opp'n Ex. 2 at 2; USPC Opp'n Ex. 4. And because Hill was then only being charged with administrative violations, the Examiner permitted him to apply for "PAVER," the Commission's pilot project for administrative violators to obtain expedited resolution. A local revocation hearing was scheduled for March 6, 2019, only to be held if Hill's PAVER application was denied. *See id.*

However, on February 27, 2019, before Hill's PAVER application had been decided, the Commission was apprised of additional new alleged law violations. *See* USPC Opp'n Ex. 2 at 2; USPC Opp'n Ex. 5 (Warrant Supplement). More specifically, the Commission learned that Hill had

2

since been charged with assault in a new matter in Superior Court. *See id.*; Pet Exs. at 4–5; *see also United States v. Hill*, No. 2018 DVM 001553 (D.C. Super. Ct. filed Dec. 13, 2018) . It was further revealed that Hill had, in December 2018, been charged with aggravated assault in another matter, filed in Arlington County General District Court. USPC Opp'n Ex. 2 at 2–3; USPC Opp'n Ex. 5; Pet. Exs. at 4. Based upon this new information, the Commission determined to supplement its existing warrant, incorporating these new alleged law violations, and planned to evaluate all of the alleged violations concomitantly at a combined probable cause and revocation hearing. *See id*. When Hill's defense attorney, Rayyan Ghuma, Esq., was informed that the Commission was also proceeding on these new alleged law violations, she requested a continuance of the combined hearing to investigate those charges and prepare accordingly. *See* USPC Opp'n Ex. 6 (2/28/2019 Emails). She further requested that the parole violations "trail the Superior Court case." *Id*. The Commission granted the request to postpone the combined hearing and instructed Ms. Ghuma to reach out when she and Hill were prepared to proceed with same. *Id*. On April 15, 2019, Hill was convicted of simple assault in the pending Superior Court matter and sentenced to 90-days of incarceration. *See Hill*, No. 2018 DVM 001553 at "Court Trial Guilty" & "Sentence;" *see also* USPC Opp'n Ex. 7 (Judgment and Commitment); Pet. Exs. at 1.

By January 2020, the Commission had not yet heard back from Ms. Ghuma regarding a new combined hearing date, therefore, it contacted Ms. Ghuma to initiate rescheduling the hearing for February 2020. *See* USPC Opp'n Ex. 8 (Jan. 8, 2020 Emails). Ms. Ghuma again requested a continuance of the combined hearing, citing the pending appeal of the Superior Court conviction, *see Hill*, No. 2018 DVM 001553 at "Notice of Appeal Filed By Defense" (filed May 13, 2019), and she requested that the hearing be held after the resolution of that appeal, *see* USPC Opp'n Ex. 8.

On May 28, 2020, Hill initiated this lawsuit, demanding his immediate release, alleging that he has been unfairly detained due to the Commission's warrant and contending that was awaiting a

3

probable cause and parole revocation hearing for an unreasonable period of time —over nine months–– in contravention of his due process rights and the Commission's own regulations. *See* Pet. at 2–3, 7–8. The Commission indicates that it was not aware of the lawsuit until it was served with the show cause order in August 2020. *See* USPC Opp'n at 4.

Meanwhile, in July 2020, the Commission had extended an expedited revocation proposal of 19 months in custody (with credit for 19 months served) for all of the pending alleged parole violations. *See* USPC Opp'n Ex. 9 (Expedited Revocation Proposal Response); USPC Opp'n Ex. 10 (Notice of Action). On July 13, 2020, Hill accepted the expedited revocation proposal and was released from the Commission's warrant to commence serving the consecutive 90-day sentence imposed by the Superior Court. *See id*. On July 14, 2020, in accordance with the terms of the expedited revocation agreement, the Commission revoked Hill's parole and granted re-parole after his service of the sentence. *See* USPC Opp'n Ex. 10.

## II.  DISCUSSION

The National Capital Revitalization and Self–Government Improvement Act, Pub. L. 105–33, 111 Stat. 712 (1997), established the authority of the Commission over the parole release and revocation functions of District of Columbia felony offenders. *See Franklin v. District of Columbia*, 163 F.3d 625, 632–33 (D.C. Cir. 1998); *see also Pate v. United States*, 277 F. Supp. 2d 1, 3 n.2 (D.D.C. 2003) (explaining that, effective August 5, 2000, the Commission was endowed with the remaining responsibilities of the former D.C. Board of Parole regarding supervision of parolees and the revocation of parole release violations § 11231(a)(2) of the Improvement Act, codified at D.C. Code § 24–131(a)(2)).

When facing potential revocation of supervised release, a parolee is generally entitled to basic due process protections prior to such revocation, *Hill v. Johnston*, 750 F. Supp. 2d 103, 105–06 (D.D.C. 2010), typically consisting of "an informal hearing structured to assure that the finding of a

[supervised release] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [releasee's] behavior[,]" *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972).

Furthermore, the Commission's regulations, as set forth at 28 C.F.R. § 2.101 *et seq*, require that a probable cause hearing no later than five days after a parolee is retaken and held in custody on a warrant issued by the Commission, if he has not yet been convicted of a new crime, *see id.* § 2.101(a). If the examiner finds probable cause, the Commission then schedules a "local" revocation hearing —to be held in the District— within 65 days of the parolee's arrest. *See id.*; *see also id.* at § 2.101(d)(2). If the parolee is ineligible for a local revocation hearing, or has requested to be transferred to an institution for his revocation hearing, an "institutional" revocation hearing shall be scheduled within 90 days of the parolee's retaking. *Id.* at § 2.101(e). These hearings may be postponed at the request of the parolee, *see id.* at § 2.101(b), (d)(2), and a postponed probable cause hearing may be conducted as a combined probable cause and revocation hearing, *id.* at § 2.101(i).

Hill contends that that his custody was unlawful because he has been deprived of a timely probable cause and revocation hearing, and he seeks his immediate release. *See* Pet. at 2–3, 7–8. But an untimely parole hearing "is not itself a valid ground for immediate release[;]" instead, a releasee's "remedy . . . is an action to compel a hearing."[1] *Hill*, 750 F. Supp. 2d at 105–06 (citing *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1185 (8th Cir. 1990) and *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of *habeas corpus* to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)); *see also Jones v.*

---

[1] For this same reason, the Court agrees with Respondent Johnson's argument, *see* Johnson Opp'n at 1–3, that he is an improper respondent in this matter because he has no authority to provide Hill with any type of parole hearing, nor does he have the authority to compel the Commission to otherwise take action.

5

*U.S. Parole Comm'n*, 20 F. Supp. 3d 1, 3–4 (D.D.C. 2013) (finding same). Habeas relief would be available "only . . . where a petitioner establishes that the [USPC's] delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland*, 709 F.2d at 732 (denying habeas petition absent showing that a 33–month delay prejudiced the petitioner's defense at the hearing).

Here, Hill neither alleges nor demonstrates that the delay has "prejudiced his defense at the revocation hearing." *Id.* at 733. "[T]he due process clause is violated only by a delay that is both unreasonable and prejudicial," *Vactor v. U.S. Parole Comm'n*, 815 F. Supp. 2d 81, 83 (D.D.C. 2011) (citations omitted), and Hill simply fails to make out a viable due process claim, *see Jones*, 20 F. Supp. 3d at 3–4 (citing *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11–12 (D.D.C. 2008) (where a petitioner "presents no argument, compelling or otherwise, establishing that the delay in this case either was unreasonable or has prejudiced him in any way," he is not entitled to habeas relief for untimely probable cause and revocation hearings)); *see also Robinson v. U.S. Parole Comm'n*, No. 05–2487, 2006 WL 2244629, at *2 (D.D.C. Aug. 3, 2006) (concluding that the petitioner "has not shown any prejudice arising from the five-month delay between his arrest and the revocation hearing, and the delay was not unreasonable"); *White v. U.S. Parole Comm'n*, No. 05-1811, 2005 WL 3555494, at * 3 (D.D.C. 2005) (finding that because the petitioner, like Hill, eventually admitted to the violations, he failed to establish any prejudice as a result of the delayed revocation hearing).

And even if Hill had not otherwise failed to state a claim, his contention that he was deprived of a timely hearing is meritless because —after his first *timely* probable cause hearing,[2] application for PAVER, and the subsequent amendment of the warrant— the Commission made demonstrative efforts to timely schedule the combined probable cause and revocation hearing, and the delays were,

---

[2] The warrant was executed on Friday, January 4, 2019. *See* USPC Opp'n Ex. 2 at 2; USPC Opp'n Ex. 4; Pet. Exs. at 5. The first probable cause hearing was held on Friday, January 11, 2019, *see* USPC Opp'n Ex. 2 at 2; USPC Opp'n Ex. 4, within the required five business days, *see* 28 C.F.R. § 2.101(a).

6

in fact, solely created by postponements sought on Hill's behalf by his own counsel. *See* USPC Opp'n Exs. 6, 8; *see also Fields v. Koppel*, No. AW–13–cv–2321, 2013 WL 5276565, at *3 (D. Md. Sept. 17, 2013) (denying habeas relief and dismissing case where D.C. parolee claimed that he was denied a timely revocation hearing, but the record showed that "the Commission made an attempt . . . to provide him a revocation hearing, and he himself sought and was granted a continuance[.]").

Moreover, because Hill has agreed to the USPC's expedited revocation proposal, *see* USPC Exs. 9–10; 28 CFR § 2.66,[3] his claim for a revocation hearing is now moot. *Jones*, 20 F. Supp. 3d at 4 (citing *Green v. Wainwright*, No. 11–1534, 2012 WL 260411, at *2 (D.D.C. Jan. 30, 2012) ("The petitioner's claim is now moot because he waived his right to these hearings by his acceptance of the expedited revocation proposal."); *Proctor v. Wainwright*, 828 F. Supp. 2d 215, 217 (D.D.C. 2011) (collecting cases and finding that "importantly, petitioner waived his right to a revocation hearing by accepting the [USPC's] expedited revocation proposal, and thus his claim is rendered moot."), and; *Hill*, 750 F. Supp. 2d at 106 (collecting cases and finding that "petitioner waived his right to a revocation hearing by accepting the expedited revocation proposal, rendering this action subject to dismissal as moot")); *see Blakeney v. Wainwright*, No. 11–1964, 2011 WL 6749043, at *2 (D.D.C. Dec. 23, 2011) (same); *see also Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 205 (D.D.C. 2011) ("Even if the Court were to agree with Plaintiff that his parole revocation hearing was untimely held . . . the fact of his incarceration—i.e., the Commission's decision to revoke Plaintiff's parole—has been established."). always

Put simply, Hill cannot establish that the Commission has held him in custody in violation of

---

[3] Pursuant to both the Commission's regulations, *see* 28 CFR § 2.66, and the explicit terms of Hill's own agreement made in accordance with same, an expedited revocation is predicated on the parolee's (1) agreement to revocation of release, (2) acceptance of responsibility for the noted violations and consent to the sanctions proposed by the Commission, (3) *waiver of right to a revocation hearing*, and (4) waiver of right to appeal the revocation. *See* USPC Exs. 9–10 (emphasis added).

7

the Constitution or in contravention of its regulations because he has waived his right to a hearing by his acceptance of the expedited revocation. *See* USPC Exs. 9–10; *see also Green*, 2012 WL 260411 at *2 (dismissing claims as moot even where the Commission admitted its failures to comply with hearing deadlines) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding that an attack on sentences which expired during course of habeas proceedings rendered the case moot) and *Thorndyke v. Washington*, 224 F. Supp. 2d 72, 74 (D.D.C. 2002) (concluding that petitioner's claim of unlawful custody before his revocation hearing and findings of fact on charge of parole violation found moot after issuance of corrected Notice of Action)).

Finally, the extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.' " *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. For all of the above stated reasons, Hill has failed to show that he has a clear right to relief and Respondents have shown that they are under absolutely no obligation to act.

### III.   CONCLUSION

Hill's acceptance of the expedited revocation proposal rendered his claim moot. Furthermore, he has failed to establish that "[h]e is in custody in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2241(c)(3), that the Commission violated its own policies, or that he is otherwise entitled to mandamus relief, because the continuances were made at his own request and he has failed to show any actual prejudice. Accordingly, the habeas petition and relief sought is denied, and this action is dismissed. An order is issued separately.

_____/s/_____
EMMET G. SULLIVAN
Senior United States District Judge

DATE:  December 21, 2021